THE HONORABLE ROBERT J. BRYAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYLA YI, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>SK BAKERIES, LLC, a Washington Limited Liability Company, CINNABON FRANCHISOR SPV, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.  3:18-cv-05627-RJB<br><br>STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER<br><br>**NOTE FOR CONSIDERATION: JANUARY 3, 2019** |

## **STIPULATION**

**A.	General Principles**

1.	An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.	The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 1

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200    FAX, (206) 407-2224

proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.    ESI Disclosures**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1.    <u>Custodians</u>.  The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.    <u>Non-custodial Data Sources</u>.  A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.    <u>Third-Party Data Sources</u>.  A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    <u>Inaccessible Data</u>.  A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.    Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 2

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

  2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

  3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

  a. Deleted, slack, fragmented, or other data only accessible by forensics.

  b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

  c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

  d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

  e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

  f. Server, system or network logs.

  g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

  h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 3

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

**D.   Privilege**

1. The parties agree that privilege logs shall be provided 30 days after the date agreed upon for final production in this matter. The privilege log shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

2. The following categories of documents do not need to be contained on a producing party's privilege log, unless good cause exists to require that a party do so.

   a. Privileged or work-product information generated after the filing of the complaint.

   b. Any communications exclusively between a producing party and its outside counsel, an agent of outside counsel other than the party, any non-testifying experts in connection with specific litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

   c. Any privileged materials or work product created by or specifically at the direction of a party's outside counsel, an agent of outside counsel other than the party, any non-testifying experts in connection with specific litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

3. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 4

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

**E.     ESI Discovery Procedures**

1. <u>On-site inspection of electronic media</u>.  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology</u>.  The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a.     A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b.     If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties.  The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

c.     Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

  d. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

3. <u>Format</u>.

  a. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

  b. Each document image file shall be named with a unique Bates Number (e.g. the unique Bates Number of the page of the document in question, followed by its file extension). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single- page images and associated multi-page text files containing extracted text or with appropriate software load files containing all requisite information for use with the document management system (e.g., Concordance® or Summation®), as agreed to by the parties.

4. <u>De-duplication</u>.  The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

5. <u>Metadata fields</u>. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 6

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

DATED this 3rd day of January, 2019.

**INDIA LIN BODIEN, ATTORNEY AT LAW**

By     *s/ India Lin Bodien*
India Lin Bodien, WSBA# 44898
2522 North Proctor Street, #387
Tacoma, WA  98406-5338
Phone: (253) 212-7913
Fax: (253) 276-0081
Email:  india@indialinbodienlaw.com

**ACKERMANN & TILAJEF, P.C.**

Craig J. Ackermann, WSBA# 53330
Brian Denlinger, WSBA# 53177
2602 Birth Proctor Street, #205
Tacoma, WA  98406
Phone: (310) 277-0614
Fax: (310) 277-0635
Email:  cja@ackermanntilajef.com
        bd@ackermanntilajef.com

*Attorneys for Plaintiff and others similarly situated*

**CALFO EAKES & OSTROVSKY PLLC**

By     *s/ Angelo J. Calfo*
Angelo J. Calfo, WSBA# 27079
1301 Second Avenue, Suite 2800
Seattle, WA  98101
Phone: (206) 407-2210
Fax: (206) 407-2224
Email:  angeloc@calfoeakes.com

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 7

**PAUL WEISS RIFKIND WHARTON & GARRISON LLP**

Robert A. Atkins
Adam J. Bernstein
1285 Avenue of the Americas, Suite 2800
New York, NY  10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: ratkins@paulweiss.com
        abernstein@paulweiss.com

Daniel J. Howley
2001 K Street, NW
Washington, DC  20006-1047
Phone: (202) 223-7372
Fax: (202) 204-7372
Email: dhowley@paulweiss.com

*Attorneys for Defendant Cinnabon Franchisor SPV, LLC*

**ROBERT JOHNS & HEMPHILL, PLLC**

By         *s/ Michael M.K. Hemphill*
Michael M.K. Hemphill, Esq.
Michael W. Johns, Esq.
7525 Pioneer Way, Suite 202
Gig Harbor, WA  98335
Email: mikeh@rjh-legal.com
        mike@rjh-legal.com

*Attorneys for Defendant SK Bakeries, LLC*

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 8

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED this _____ day of _____, 2019.

_____
THE HONORABLE ROBERT J. BRYAN
UNITED STATES DITRICT COURT JUDGE

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 9

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

DATED this 3rd day of January, 2019.

*s/George Barrington*
George Barrington
Legal Assistant

STIPULATION REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER
(NO. 3:18-cv-05627-RJB) - 10

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224